FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 16 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAMES JONES,

              Plaintiff,

-against-

CITY OF NEW YORK,

              Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12-CV-4348 (CBA)

AMON, Chief United States District Judge.

On August 27, 2012, plaintiff James Jones filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was improperly denied necessary psychiatric medications while incarcerated at Rikers Island. (Dkt entry 1). By Order dated September 25, 2012, Magistrate Judge Lois Bloom granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, liberally construed the complaint to be brought against the City of New York and directed the United States Marshals Service to serve the summons and complaint upon defendant.[1] (Dkt entry 7). Defendant now moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt entry 16). For the reasons set forth below, defendant's motion is denied without prejudice and plaintiff is granted thirty (30) days to file an amended complaint.

---

[1] Plaintiff had named the Mental Health Department of Correctional as the defendant, which is not a suable entity.

1

## BACKGROUND

Plaintiff alleges that on August 6, 2012, while incarcerated at Rikers Island, he "saw a doctor about my mental health [and] I told him I take medications such as Mirtaza [sic] 15 miligram [sic], Risperdon 2 milligram & Sertraline MCI 100 milligram for depression." Compl. at 4. Plaintiff further states that he, "told them" that he suffers from psychosis and schizophrenia. Id. Plaintiff alleges that on or around August 9, 2012, he saw a social worker from mental health, "who I told that I really need my medications for my mental problems to stop me from hearing voices and that I'm feeling real badly inside it's been 12 to 15 days with[out] . . . my mental health medications." Id. On August 15, 2012, plaintiff filed a grievance "to let them know I was putting a [law suit] in for them not giving me my [medications] and not getting the help I need." Id. Plaintiff had not received his medications as of August 17, 2012, the date he signed the instant complaint. Compl. at 4-5. Plaintiff argues that "mental health staff and doctors should of saw me in a matter of hours when I told them I was hearing [voices] and that I [truly] need my (medications)." Compl. at 5. Plaintiff seeks monetary damages. Id.

## STANDARD OF REVIEW

Rule 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, plaintiff must do more than allege facts that are "speculative" or

"merely consistent" with a defendant's liability, Twombly, 550 U.S. at 555-57; he must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

Moreover, the Court has the "obligation to construe *pro se* complaints liberally, even as [it] examine[s] such complaints for factual allegations sufficient to meet the plausibility requirement." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). "It is well-established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)).

## DISCUSSION

The City of New York, a municipality, can be liable under § 1983 only if a plaintiff can show that there is a deprivation of rights pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); Jeffes v.

3

Barnes, 208 F.3d 49, 57 (2d Cir. 2000). Here, defendant argues that plaintiff does not attribute the alleged violations of his constitutional rights to any policy or practice of the City of New York, and the Court agrees. However, liberally construing the complaint as is required, it is clear that plaintiff seeks to allege constitutional violations against the individuals who allegedly denied him the medications he needed, and the Court will give plaintiff the opportunity to do so. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("[A] *pro se* plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

## CONCLUSION

Accordingly, defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied without prejudice. The Court grants plaintiff thirty (30) days in which to file an amended complaint to name as defendants the individuals responsible for the alleged denial of his constitutional rights. Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe along with their title (for example, Dr. John Doe or Correction Officer Jane Doe, etc.). To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. If plaintiff has any relevant documents to support his claims (such as a

copy of his grievance), he may attach a copy to the amended complaint as an exhibit.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

All further proceedings shall be stayed for thirty (30) days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). All pretrial matters are referred to Magistrate Judge Lois Bloom. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
_____
CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
January 16, 2013

5